J-S19037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN ADORNO, | : | |
| | : | |
| Appellant | : | No. 3385 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 26, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009129-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN ADORNO, | : | |
| | : | |
| Appellant | : | No. 3410 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 15, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009110-2017

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: June 25, 2020

Brian Adorno ("Adorno") appeals from the judgments of sentence imposed following his convictions of aggravated assault, simple assault, recklessly endangering another person, harassment, stalking, and possessing an instrument of crime at Philadelphia County docket number

9110-2017 ("9110-2017"),[1] and possessing an instrument of crime, simple assault, and recklessly endangering another person at Philadelphia County docket number 9129-2017 ("9129-2017"). We affirm.

At around 1:15 a.m. on June 24, 2017, at the 2900 block of American Street in Philadelphia, Pennsylvania, Adorno physically assaulted the victim, S.A. ("the victim").[2] Adorno punched the victim numerous times in the face and chest. The victim escaped from Adorno, drove away in her vehicle, and was followed by Adorno, in his vehicle. Following a brief vehicle chase, Adorno rammed his vehicle into the back of the victim's vehicle. The collision caused the victim's vehicle to crash, and become stuck between a wall and a light pole. Adorno and the victim exited their vehicles, and Adorno approached the victim. Adorno shoved the victim against the wall, punched her in the face, knocked her to the ground, and, while she was lying on the ground, kicked her in the face. Adorno eventually left in his vehicle. Paramedics and police arrived and assisted the victim. The victim was transported to the emergency department, and reported suffering from pain, dizziness, headaches, difficulty breathing through her nose, and blurry vision. She was diagnosed with a maxillary fracture, and extensive bruising

---

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), 2705, 2709(a)(1), 2709.1(a)(1), 907(a).

[2] The victim testified at trial that Adorno was her ex-boyfriend.

and swelling in her face. The victim underwent surgery to correct the maxillary fracture.

On July 26, 2017, Adorno was charged, at 9129-2017, with possessing an instrument of crime, simple assault, and recklessly endangering another person.

On September 13, 2017, as the victim was driving home from dropping her daughter off at school, she noticed Adorno following her in his vehicle. Adorno passed the victim, and pulled in front of the victim's vehicle. The victim slowed her vehicle, turned onto a cross-street, and, fearing that Adorno would crash into her vehicle, brought it to a stop. Adorno stopped his vehicle behind the victim's vehicle, and exited his vehicle. He then approached the victim's vehicle, opened the front passenger-side door, and entered the passenger compartment, without the victim's permission. Adorno punched the victim in the face between ten and twenty times. Adorno then reached for a 10-inch knife in his pocket, at which time the victim exited her vehicle and ran down the street. Adorno initially pursued the victim, but at some point stopped and fled the scene in his vehicle. The victim sought help from a nearby bystander, who called the police. Police and paramedics arrived and took the victim to the hospital. As a result of the assault, the victim suffered a broken nose, a maxillary fracture, extensive bruising and swelling in her face and both eyes, and cuts to both lips. The victim underwent surgery to correct the broken nose.

On September 15, 2017, Adorno was charged, relating to the September 13, 2017, incident, at 9110-2017,[3] with simple assault, recklessly endangering another person, aggravated assault, harassment, stalking, and possession of an instrument of crime.

On February 22, 2018, the trial court consolidated for trial 9110-2017 and 9129-2017. Following a bench trial, the court found Adorno guilty of all charges at both docket numbers. The trial court sentenced Adorno, at 9110-2017, to an aggregate term of 7 to 14 years in prison, and at 9129-2017, to an aggregate term of 2 to 4 years in prison, to run concurrent with the sentence imposed at 9110-2017. Adorno filed a post-sentence Motion, challenging, *inter alia*, the sufficiency of the evidence to convict Adorno of aggravated assault at 9110-2017. The trial court denied the Motion. Adorno filed timely Notices of Appeal, one at each docket number, and court-ordered Pa.R.A.P. 1925(b) Concise Statements of matters complained of on appeal, one at each docket number.

On appeal, Adorno raises the following question for our review:

---

[3] We note that despite occurring several months after the first incident, which occurred in June 2017, the September 2017 criminal charges were docketed at a sequentially lower case number. The docket reveals that the preliminary hearing for the September 2017 charges occurred prior to the preliminary hearing for the June 2017 charges. Further, it appears that the trial court's Opinion misstates the two case numbers in its recitation of the facts.

Was not the evidence insufficient to sustain a verdict of guilty on the charge of aggravated assault as a felony of the first degree[,] on the indictment corresponding to the docket number 9110-2017[,] when the evidence did not establish [that Adorno] attempted to "cause serious[] bodily injury" to the complaining witness, or that [Adorno] actually caused serious bodily injury to the complainant "intentionally, knowingly or recklessly under circumstances manifesting extreme indifferent to the value of human life[?]"

Brief for Appellant at 8.[4]

When considering a challenge to the sufficiency of the evidence, we

ascertain

whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation

omitted).

_____

[4] Despite filing a Notice of Appeal at each docket number, Adorno has not raised any claims relating to the June 2017 incident, filed at 9129-2017.

Adorno alleges that the evidence was insufficient to support his conviction for aggravated assault relating to the September 2017 incident. *See* Brief for Appellant at 11-13. Adorno argues that the evidence did not establish that he attempted to cause seriously bodily injury to the victim, or actually caused serious bodily injury to the victim intentionally, knowingly, or recklessly. *Id.* According to Adorno, the victim was at no risk of death; she was not hospitalized for an extended period of time; and she made a full recovery. *Id.* at 12-13. Adorno claims that the victim's testimony regarding Adorno brandishing a knife was not credible, and that even if Adorno had brandished a knife, it was not until the end of the commission of the assault, and he did not verbally threaten to kill the victim. *Id.* at 13.

"A person is guilty of aggravated assault if he … attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined by the Crimes Code as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Here, regarding the September 2017 incident, the victim testified that Adorno struck her in the face, with a closed fist, 10 to 20 times. N.T., 6/18/18, at 25-26. The victim stated that she suffered a broken nose, a

maxillary fracture, and extensive facial bruising, and that she still suffers from vision and memory problems. *Id.* at 15, 25-26, 29. The victim received surgery to correct the broken nose. *See id.* at 28-29. Medical records admitted at trial confirmed the victim's reported injuries. *See* Commonwealth Exhibit 17 (September 13, 2017, Medical Records); N.T. at 88 (wherein Commonwealth Exhibit 17 was admitted into evidence). Photographs of the victim following the assault show extensive bruising to the victim's face. *See* Commonwealth Exhibit 3 (photograph of the victim); N.T. at 23 (wherein Commonwealth's Exhibit 3 was introduced); Commonwealth Exhibits 7 through 11 (photographs of the victim); N.T. at 27 (wherein Commonwealth Exhibits 7 through 11 were introduced). The responding police officer testified that immediately following the attack, the victim's face "was covered in blood … like out of a horror movie." *Id.* at 42. Photographs of the victim's vehicle following the attack show that it was covered in blood splatter and smears. *See* Commonwealth Exhibits 4 through 6 (photographs of the victim's vehicle interior); N.T. at 23 (wherein Commonwealth Exhibits 4 through 6 were introduced).

Viewing the evidence in a light most favorable to the Commonwealth, there was sufficient evidence to establish that Adorno attempted to cause, and in fact caused, serious bodily injury to the victim. *See* 18 Pa.C.S.A. § 2702(a)(1); *see also Commonwealth v. Kinney*, 157 A.3d 968, 973 (Pa. Super. 2017) (concluding that evidence showing that the appellant

repeatedly kicked and punched the victim in the head, causing a swollen and bulging right eye and "lips [that] were swollen to two to three times their original size" was sufficient to prove that the appellant attempted to cause the victim serious bodily injury). Accordingly, the evidence was sufficient to support Adorno's conviction for aggravated assault, and his claim thus lacks merit.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/20